IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 360 PAINTING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>R STERLING ENTERPRISES, INC. and ROBERT STERLING,<br><br>Defendants. | Case No. 20-cv-4919<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

This case arises out of an alleged breach of a franchise agreement. Plaintiff 360 Painting, LLC ("360 Painting") brings claims of breach of contract, breach of guaranty, misrepresentation, tortious interference, and violation of state and federal trade secrets laws against Defendants R Sterling Enterprises Inc. and Robert Sterling ("Defendants"). For the reasons set forth below, Defendants' motion to dismiss [12] is granted in part and denied in part.

BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for the purposes of this motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). 360 Painting established a network of independently owned and operated franchised businesses that provide residential and light commercial painting and decorating services. (Dkt. 1 ("Compl."), ¶7). Franchised 360 Painting businesses use 360 Painting's registered names, marks and logos, and are operated in accordance with the methods, specifications and standards

1

contained in 360 Painting's confidential and proprietary operations manual (*Id.*). On April 10, 2018, 360 Painting granted R Sterling Enterprises Inc. (RSE) a franchise to operate a 360 Painting business in Frankfort, Illinois pursuant to a written franchise agreement, together with a license to use the registered 360 Painting names and marks, for an initial ten-year term ("Franchise Agreement"). (*Id.* ¶8). Sterling personally guaranteed all payment and performance obligations under that agreement. (*Id.* ¶10).

On August 6, 2019, 360 Painting notified RSE that its franchise had been selected for audit pursuant to § 6.4 of the Franchise Agreement. (*Id.* ¶11). RSE provided some records which revealed that between April 2018 when it began operating its franchised 360 painting business and July 2019, RSE had under-reported gross sales by over $100,000 and that, as a result, RSE had underpaid the weekly royalty, marketing and call center/technology fees based on a percentage of gross sales. (*Id.* ¶¶12-13). As a result, on November 11, 2019, 360 Painting terminated for cause the Franchise Agreement. (*Id.* ¶14).

360 Painting alleges, however, that Defendants continue to operate a competitive painting and decorating business—Veteran Painting & Decorating—using 360 Painting's confidential and proprietary know-how, trade secrets, methods, standards and specifications, at the same location and in the same area as their former franchised 360 Painting business. (*Id.* ¶15). Leading up to the termination and since, Defendants disseminated misinformation about 360 Painting and its owner. (*Id.* ¶16).

In 2020, 360 Painting entered into an agreement with the Illinois Attorney General that required 360 Painting to offer rescission to certain Illinois franchisees who, in connection with their purchase of a franchise between April 2018 and December 2, 2019, did not execute an Illinois-specific amendment to their Franchise Agreements. (*Id.* ¶17). As to RSE, 360 Painting asked the Illinois AG to include certain language in the rescission offer so that it could hold Sterling accountable for alleged misconduct. (*Id.*). In June 2020, 360 Painting delivered–and Sterling accepted–the rescission offer letter ("Rescission Letter"). (*Id.*)

360 Painting's Complaint asserts breach of franchise agreement (Count I), breach of guaranty (Count II), misrepresentation (Count III), tortious interference with contract (Count IV), and trade secret misappropriation (Counts V and VI). Defendants move for dismissal of all counts with prejudice.

## ANALYSIS

### I. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts

plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

## II. Count I – Breach of Franchise Agreement (against RSE)

360 Painting claims that RSE "fail[ed] to pay the royalty, marketing and other fees due under the franchise agreement, abandon[ed] [] the franchised business, [and] violat[ed] its post-termination obligations under the franchise agreement." (Compl. ¶19). A plaintiff claiming breach of contract in Illinois[1] must allege: (1) the existence

---

[1] Both parties apply Illinois law. The Court notes that the Franchise Agreement, Section 30.1 states it is governed by and construed in accordance with Virginia law. Since neither party raised a choice of law issue, the court applies Illinois law. *See Selective Ins. Co. of S.C. v. Target Corp.*, 845 F.3d 263, 266 (7th Cir. 2016), as amended (Jan. 25, 2017) ("If no party raises a choice of law issue to the district court, the federal court may simply apply the forum state's substantive law.") (citation omitted).

of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Defendants argue that this claim fails because 360 Painting cannot recover for breach of a rescinded contract.

Taking 360 Painting's factual allegations as true and drawing reasonable inferences therefrom shows that while 360 Painting terminated Defendants' Franchise Agreement in 2019, (1) Defendants had continuing obligations under the Franchise Agreement (e.g., Section 23.2 "Obligations upon Termination or Expiration"); (2) Defendants were entitled to the initial franchise fees under the 2020 Recission Letter; and (3) the Recission Letter did not waive the parties' obligations under the Franchise Agreement during the period that agreement was in effect. Now is not the time for the Court to determine the merits of 360 Painting's claim or the impact of the recission. The only question is whether 360 Painting has sufficiently stated a claim.[2]

The cases Defendants rely on do not support their argument that 360 Painting's breach of contract claim should be dismissed because it relies on a rescinded agreement. *See e.g. AVL Powertrain Eng'g, Inc. v. Fairbanks Morse Engine*, 178 F.

---

[2] Defendants do not dispute that they signed the Rescission Letter. Moreover they suggest that the Rescission Letter "essentially creates a contract once again" and "effectively allows 360 Painting to nonetheless enforce the rescinded agreement." (Dkt. 13 at 4, 6). Defendants assert this was an "unconscionable outcome." (*Id.* at 7). To the extent Defendants argue unconscionability, the argument is not developed and waived for purposes of the present motion. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("The obligation to raise the relevant arguments rests squarely with the parties"); *Patrick v. City of Chicago*, 111 F.Supp.3d 909, 913-14 (N.D.Ill. 2015) ("…perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.") (cleaned up).

5

Supp. 3d 765, 769 (W.D. Wis. 2016) (granting defendant's motion for summary judgment on plaintiff's claims of rescission because plaintiff failed to identify evidence of defendant's misrepresentations). And the Court does not agree that 360 Painting failed to sufficiently plead the elements of the claim. 360 Painting alleges that Defendants breached the Franchise Agreement (attached to the complaint) by among other things failing to pay the proper amounts, despite 360 Painting granting RSE the right to operate a franchise business, and 360 Painting was damaged as a result. (Compl. ¶¶8-15, 19-20). 360 Painting's allegations are sufficient. As the Seventh Circuit has held, it is "inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). *See also Platinum Inc, Plaintiff, v. Infinite Transp., LLC, Defendant.*, 2021 WL 3033583, at *3 (N.D. Ill. July 19, 2021) ("the Court deals only in allegations, not facts"); *Hedeen Int'l, LLC v. OzWest, Inc.*, 2014 WL 5682507, at *1 (E.D. Wis. Nov. 4, 2014) (complaint survived motion to dismiss where it alleged a contract existed and that defendants violated that contract by not paying royalties).

Resolving whether it was improper for 360 Painting to offer to rescind a terminated agreement and what the obligations of the parties were post-termination would require resolution of factual disputes, inappropriate at this stage. Similarly, whether the Franchise Agreement "was executed in violation of the Illinois Franchise

Disclosure Act and is thus void" (Dkt. 13 at 2) is also a factual question for another day.[3] The motion to dismiss Count I is denied.

### III. Count II – Breach of Guaranty (against Sterling)

360 Painting alleges that Sterling is liable for breach of guaranty because Sterling failed to pay and operate and to comply with the post-termination obligations under the Franchise Agreement. (Compl. ¶22). The Guaranty is Exhibit C-6 to the Franchise Agreement. (Dkt. 1-2). Defendants argue that 360 Painting's claim fails for the same reasons that the breach of contract claim fails. However, as discussed, 360 Painting has sufficiently stated a claim for breach of the Franchise Agreement and so the breach of guaranty claim survives as well.

### IV. Count III – Misrepresentation (against RSE and Sterling)

360 Painting claims that Defendants "intentionally under-reported gross sales intending and knowing that 360 Painting would rely on the gross sales reported by RSE to calculate fees due and owing it under the franchise agreement." (Compl. ¶26). Defendants contend that 360 Painting cannot meet Federal Rule 9(b)'s heightened pleading standard to state a claim for misrepresentation.[4] 360 Painting does not dispute that Rule 9(b) applies.

---

[3] The Court declines to consider Defendants' representation (without context for the statement or citation to any record) about what the Illinois Attorney General said. (Dkt. 13, fn. 3). Rule 12(b)(6) motions are limited to the allegations in the complaint. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

[4] Defendants argue that 360 Painting cannot state a claim for either intentional or negligent misrepresentation. 360 Painting's response focuses on Defendants' alleged "intentionally report[ing] false revenue totals…" (Dkt. 19 at 9) and does not address negligent misrepresentation. It might be that 360 Painting intended only to allege intentional misrepresentation. In any event its failure to respond to the argument means that it waived

Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b). A plaintiff "may need to perform pre-complaint investigation to provide 'the who, what, when, where, and how' of the fraud or mistake." *Webb v. Frawley*, 906 F.3d 569, 576 (7th Cir. 2018) (citation omitted)). "Th[e] heightened pleading requirement is a response to the great harm to the reputation of a business firm or other enterprise a fraud claim can do." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (cleaned up). Rule 9(b)'s purpose is "to ensure that the party accused of fraud…is given adequate notice of the specific activity that the plaintiff's claims constituted the fraud so that the accused party may file an effective responsive pleading." *Lachmund v. ADM Inv. Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999).

From the complaint, the Court understands that RSE provided some records in response to an audit, from which 360 Painting determined that between April 2018 and July 2019, RSE under-reported gross sales by over $100,000, showing RSE had underpaid 360 Painting. (Compl. ¶¶12-13). 360 Painting thus claims that Defendants intentionally underreported gross sales "intending and knowing that 360 Painting would rely on the gross sales reported by RSE." (*Id.* ¶26). No other details are provided. 360 Painting has not "state[d] with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b).

---

a negligent misrepresentation claim. *See G & S Holdings*, 697 F.3d at 538 ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (cleaned up); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (waiver applies "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.").

8

Indeed the complaint contains no details about what documents were provided, when they were provided, by whom and to whom, the content of the documents, whether they all contained under-reporting or only some, or how 360 Painting determined Defendants under-reported gross sales by over $100,000. 360 Painting has not adequately alleged "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992). *See Baldwin v. Star Sci., Inc.*, 2016 WL 397290, at \*7 (N.D. Ill. Feb. 2, 2016) (pointing out complaint's deficiencies under Rule 9(b) including that the complaint "does not identify any specific investor statement, however, nor does it specify the content of these statements, or when or where [plaintiff] read them.").

360 Painting relies on *KCK Indus., LLC v. MCM Mgmt. Corp.*, 2020 WL 5209855 (N.D. Ill. Sept. 1, 2020), but plaintiff's description and details of the "who, what, when, where, and how" of the fraud was much more robust in that case. In *United States Sec. & Exch. Comm'n v. Kameli*, 373 F. Supp. 3d 1194, 1204 (N.D. Ill. 2019), also relied on by 360 Painting, a securities fraud case, the court *granted* the motion to dismiss under Rule 9(b).[5] Dismissal without prejudice of Count III is warranted.

---

[5] 360 Painting also cites to *Fujisawa Pharm. Co. v. Kapoor*, 814 F. Supp. 720, 726 (N.D. Ill. 1993) for the proposition that "where fraud allegedly occurred over a period of time, the requirements of 9(b) are less stringently applied." Cases applying that standard, like *Fujisawa*, are generally securities fraud cases involving numerous misrepresentations and omissions over the course of multiple years. This is a breach of contract case, and 360 Painting claims that it discovered, during a single audit, Defendants' underreporting revenue over a period of approximately 14 months. The Court does not agree that this case warrants applying Rule 9(b) less stringently.

### V. Count IV – Tortious Interference (against RSE and Sterling)

360 Painting claims that Defendants disseminated misinformation "in an effort to induce 360 Painting franchisees to breach their franchise agreements and abandon their franchised businesses, as RSE had done, and to induce 360 Painting's other business partners to breach or terminate their contractual agreements with 360 Painting." (Compl. ¶33). Defendants assert that 360 Painting has not stated a claim for tortious interference with contract or with prospective economic relations.

The elements of interference with contract are: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages.'" *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 154–55, 545 N.E.2d 672, 676 (1989). Tortious interference with business relationships requires: "(1) the existence of a valid business relationship (not necessarily evidenced by an enforceable contract) or expectancy; (2) the knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Am. Guardian Warranty Servs., Inc. v. Auto. Prot. Corp., Inc.*, 2019 WL 6130813, at *3 (N.D. Ill. Nov. 19, 2019).

360 Painting alleges it has "valid and existing contractual relationships and corresponding business expectancies with its numerous 360 Painting franchisees and

10

its other business partners," Defendants had actual knowledge of these relationships, and Defendants acted deliberately to induce 360 Painting's other business partners to breach or terminate their contractual agreements with 360 Painting, and 360 Painting was damaged as a result. (Compl. ¶¶31-36). However missing from the complaint is any allegation that any third party did in fact breach any contract or terminate their relationship or any business expectancy with 360 Painting. 360 Painting need not identify the name or details of a specific contract or third party. But the problem is there is no allegation of a "subsequent breach by the other" or "breach or termination of the relationship or expectancy." *HPI Health,* 131 Ill. 2d at 154–55; *Am. Guardian Warranty Servs.*, 2019 WL 6130813, at *3. In the case relied on by 360 Painting, *Cook v. Winfrey*, the Seventh Circuit found that all of the elements were properly pled, including that "the other party in fact breached as a result of [defendant's] actions." 141 F.3d 322, 327 (7th Cir. 1998); *see also Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 732 (7th Cir. 1999) (complaint "addresse[d] only ADM's allegedly wrongful inducement; it stops short of saying that the customers did in fact breach their contracts.").[6] Accordingly, Count IV is dismissed without prejudice.

### VI. Counts V and VI – Trade Secret Claims (against RSE and Sterling)

---

[6] *Cf. 20/20 Foresight Inc. v. George*, 2021 WL 2823095 (N.D. Ill. July 7, 2021) (plaintiff stated claim for tortious interference where it alleged that current and prospective clients ended negotiations; defendant induced clients to breach their contracts, not issue proper payment to plaintiff, and to take plaintiff off of jobs for which they had a valid contract.); *Manley v. Boat/U.S. Inc.*, 2014 WL 1647117, at *4 (N.D. Ill. Apr. 23, 2014) (plaintiff alleged that after defendants' statements, Coast Guard stations stopped providing Chicago Marine's name and number to a boater in distress).

Defendants also seek dismissal of the trade secret misappropriation claims brought under the Illinois Trade Secrets Act ("ITSA") and the Defend Trade Secrets Act ("DTSA"). To state a claim for misappropriation of a trade secret under the ITSA, a plaintiff must show that (1) a trade secret existed, (2) the trade secret was misappropriated, and (3) the trade secret owner was damaged by the misappropriation. *Covenant Aviation Sec., LLC v. Berry*, 15 F. Supp. 3d 813, 817 (N.D. Ill. 2014). *See also Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 2017 WL 1954531, at *2 (N.D. Ill. May 11, 2017) ("The federal and Illinois claims can be discussed together because the pertinent definitions of the two acts overlap."). Defendants argue 360 Painting has not identified a valid trade secret, how it safeguarded its trade secrets, or Defendants' alleged wrongful use.

To state a claim for a DTSA violation, a plaintiff "must first allege facts sufficient to provide notice that the relevant information constitutes a trade secret." *Packaging Corp. of Am., Inc. v. Croner*, 419 F. Supp. 3d 1059, 1065 (N.D. Ill. 2020) (citing 18 U.S.C. § 1836(b)(1)). A plaintiff "must only plead the existence of trade secrets in broad strokes." *Id*. "The existence of a trade secret ordinarily is a question of fact." *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 723 (7th Cir. 2003). 360 Painting alleges that its "customer lists, pricing information, proprietary formulas, business leads, marketing materials, business and operations manuals, financial information, strategic marketing research, sales techniques, business methods, and other confidential and proprietary information, constitute trade secrets." (Compl. ¶38). That is enough for now. None of Defendants' cited cases were

12

decided at the pleading stage. *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263 (7th Cir. 1992) (post-trial); *A.J. Dralle, Inc. v. Air Techs., Inc.*, 255 Ill. App. 3d 982, 627 N.E.2d 690 (1994) (preliminary injunction); *Pope v. Alberto-Culver Co.*, 296 Ill. App. 3d 512, 694 N.E.2d 615, 616 (1998) (summary judgment).

As to whether it safeguarded its trade secrets, 360 Painting alleged that "RSE and Sterling could only access 360 Painting's trade secrets through its PEP Portal maintained by its software vendor." (Compl. ¶49). More is not needed at this stage. *See Covenant Aviation*, 15 F. Supp. 3d at 818 ("the efforts to maintain its confidentiality [can be] described in general terms."). The sole case relied on by Defendants is distinguishable. In *Alpha Sch. Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 910 N.E.2d 1134, 1153 (1st Dist. 2009), noting "Illinois is a *fact-pleading* state", the court concluded that a "vague mention of computer information" was not a well-pleaded fact. *Id*. at 741. (emphasis added).

"Misappropriation can be shown one of three ways—by improper acquisition, unauthorized disclosure, or unauthorized use." *Covenant Aviation*, 15 F. Supp. 3d at 819 (cleaned up). 360 Painting alleges that Defendants opened "a competitive painting and decorating business…using 360 Painting's confidential and proprietary know-how, trade secrets, methods, standards and specifications, at the same location and in the same area as their former franchised 360 painting business." (Compl. ¶15). It alleges that Defendants wrongfully accessed and retained its trade secrets after the Franchise Agreement and access to the PEP Portal were terminated and have continued to use them to the detriment of 360 Painting. (*Id*. ¶¶ 41–43, 49–51.).

13

Defendants rely on *Allied Benefit Sys., Inc. v. Ramirez*, 188 F. Supp. 3d 704 (N.D. Ill. 2015) but that case was about an employee going to a competitor and the inevitable disclosure doctrine. For these reasons, Counts V and VI survive the motion to dismiss.

Finally, the Court addresses Defendants' request for dismissal with prejudice. That request is denied. A plaintiff is generally allowed at least one opportunity to replead. *Bianchi v. McQueen*, 917 F. Supp. 2d 822, 835–36 (N.D. Ill. 2013); *see also Albright v. Starwood Retail Partners, LLC*, 2021 WL 463066, at *8 (N.D. Ill. Feb. 9, 2021) ("An initial dismissal for failure to state a claim should be without prejudice."). Further, Defendants' reply brief (Dkt. 22) seeks leave to file certain counterclaims. Without commenting on the merits of any proposed counterclaim or affirmative defense, Defendants are free to file counterclaims and/or affirmative defenses when they answer the complaint.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss [12] is granted in part and denied in part. Counts I, II, V, and VI survive. Counts III and IV are dismissed without prejudice.

E N T E R:

Dated: August 13, 2021

_Mary M Rowland_
MARY M. ROWLAND
United States District Judge